IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>URBAN HEALTH INITIATIVES, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-12002-elf |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S
ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Gary F. Seitz, chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the captioned debtor ("Debtor"), hereby, requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On March 24, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

4. On or about March 25, 2015, the Trustee was appointed as chapter 7 trustee of the

Debtor's Estate.

5. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7. The Trustee and Oak Point have negotiated an agreement ("Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended as <u>Exhibit A</u> to this Motion.

**Requested Relief**

8. By this Motion, the Trustee seeks the entry of an order pursuant to sections 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

9. The Purchase Agreement generally provides for an aggregate purchase price of $2,500 ("Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

10. In accordance with the Purchase Agreement, the Remnant Assets do not include

(i) cash held by the Trustee for distribution to creditors and professionals; (ii) any and all Goods[1] (e.g., office furniture) of the Debtor; and (iii) the Purchase Price for the Remnant Assets.

11. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**Bidding Procedures**

12. Contemporaneously herewith, the Trustee has filed the Notice of Hearing on this Motion ("Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court ("Response Deadline").

13. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, "Bidding Procedures"):

   a. Each Competing Bidder who wants to participate in the overbid process must notify the Trustee of her intention to do so in accordance with the Notice on or before the Response Deadline;

   b. the first overbid for the Remnant Assets by a Competing Bidder must be at least $1,000 more than the Purchase Price, or a total of $3,500;

   c. each Competing Bidder must submit a cashier's check to the Trustee in the amount of such Competing Bidder's first overbid; and

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

3

    d. in the event a Competing Bidder is deemed the winning bidder with respect to the Remnant Assets, such Competing Bidder shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

14. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

### Authority for Requested Relief

15. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); and *In re Abbott's Dairies of Pa. Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. As previously stated, courts have held that proposed sales of property should be approved under section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d at 395; *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's

4

management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

17. A trustee's showing of sound business justification, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

18. The Trustee believes that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interests of creditors of the Debtor's Estate. The Trustee further submits that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. Neither Oak Point nor any person affiliated with Oak Point is an insider of the Debtor. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

19. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies*

5

*of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

20. Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

  a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  b. Such entity consents;

  c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  d. Such interest is in bona fide dispute; or

  e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

21. The Trustee submits that the sale of the Remnant Assets is a prudent exercise of his business judgment under the circumstances and is in the best interests of the Debtor's Estate and creditors. Moreover, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and creditors.

22. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g.*, *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

23. Thus, based on the foregoing, the Trustee respectfully requests that the Court grant the Motion.

### Waiver of Stay of Order

24. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

25. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day

stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Date: July 11, 2018                                GELLERT SCALI BUSENKELL & BROWN LLC

                                         By: /s/ Holly S. Miller
                                            Gary F. Seitz (PA ID #52865)
                                            Holly S. Miller (PA ID # 203979)
                                            The Curtis Center
                                            601 Walnut Street, Suite 750W
                                            Philadelphia, PA 19106
                                            Telephone: 215-238-0010
                                            Facsimile: 215-238-0016
                                            gseitz@gsbblaw.com
                                            hsmiller@gsbblaw.com
                                            Counsel for the Chapter 7 Trustee